VAN DYKE v. MCCORMICK

LANDLORD AND TENANT—EMBLEMENTS—GROWING CROPS—TERMINATION OF LEASE BY CONVEYANCE OF PREMISES—PARTIES—CONTRACTS.

An action for the value of growing crops on property leased subject to sale of the premises, which were sold after the commencement of the tenant's term, is an action for the value of emblements, and could not properly be maintained by the tenant as plaintiff on a showing that he leased the property for his relative who provided the funds, put in the crop, and was in possession at the time of eviction.

Error to the superior court of Grand Rapids; Stuart, J. Submitted March 3, 1911. (Docket No. 174.) Decided March 31, 1911.

Case by Martin Van Dyke against Henry F. McCor-

mick for trespass on lands. Judgment for plaintiff. Defendant brings error. Reversed.

*William A. Connell* (*William Wisner Taylor*, of counsel), for appellant.

*Colin P. Campbell*, for appellee.

OSTRANDER, C. J. The action is trespass on the case. It is alleged in the declaration that plaintiff and defendant, acting as administrator of an estate, made a written lease of certain premises for a term beginning March 15, 1908, ending March 15, 1911; that plaintiff entered into possession, paid rent, planted crops, and on May 1, 1908—

"Defendant with force and arms broke and entered upon the said premises and the dwelling house of the said plaintiff, * * * and then and there ejected, expelled, and put out the said plaintiff and his family from the possession and use * * * of the said dwelling house and the said premises, * * * whereby the said plaintiff * * * lost and was deprived of the use, benefit, and enjoyment of the said premises, and the growing crops of the said plaintiff on said premises * * * the said defendant trampled down and destroyed. * * *

The plea is the general issue.

Upon the trial the lease was introduced. By its terms the lessor reserved the right to sell the farm and cancel the lease at any time. No provision was made therein with respect to crops growing at the time of sale. The first payment of rent ($100) became due April 1, 1908. The lessee covenanted that he would not assign or transfer the lease or sublet the premises without the written consent of the lessor, and further covenanted that the lessor should have a lien and mortgage upon the product of the land, whether harvested or not, as security for the payment of rent.

The testimony for plaintiff tended to prove the following: Plaintiff was required to, and did, deposit as security for the first installment of rent the note of a third per-

son for $100, belonging to his uncle. He put his uncle, with his family, into possession of the premises, who planted, with his own seeds and using his own tools, after March 15th, a small portion of the land to carrots and beets. Plaintiff rented the land, not for himself, but for his uncle, with whom he had, at the time of his eviction, no contract relations whatever. Plaintiff was notified on March 28th that the farm had been sold (it was sold March 24th) and that the contract of lease was determined. The note deposited as security for rent was returned to him, and he never paid any rent. The man in possession (the uncle) was evicted about May 1, 1908, by legal process upon the judgment of a circuit court commissioner rendered in a proceeding in which, not plaintiff, but the person in possession, was a defendant. The man so in possession, and so evicted, was the owner of the growing crops. Testimony was admitted to prove the value of the crops if they had been harvested, as well as testimony which tended to prove an oral arrangement of plaintiff and the administrator that the value of growing crops was, in case of a sale of the land, to be estimated by men to be chosen by the parties to the lease. The purchaser of the farm, not the defendant, destroyed such crop as there was in the farming operations he carried on.

It is therefore apparent that plaintiff seeks to recover the value of emblements under a declaration which gives no notice whatever of any such theory of recovery Defendant does not raise the question that the declaration is insufficient to support a verdict for the value of the emblements. The issues of fact were tried and determined in favor of plaintiff, and we consider only such contentions as are supposed to have affected such determination. We are of opinion that the testimony wholly fails to prove that plaintiff had any interest in the growing crops.

Assuming that the presumption is that the crops belonged to plaintiff, because he was the tenant of the owner, such a presumption is destroyed when it is shown that in fact they did not belong to him. The uncle of the plaintiff

testified that the growing crops belonged to him. The testimony for plaintiff negatives the fact that his uncle was a cropper, or that he was plaintiff's hired man. See, upon this subject, *Welling* v. *Strickland*, 161 Mich. 235, 242 (126 N. W. 471). The jury should have been so instructed. The judgment is reversed, and a new trial granted.

The record contains 96 pages. A large portion of the testimony of witnesses is set out in the form of questions and answers. The record contains colloquies of court and counsel, and interjections of counsel, wholly immaterial in this court. The brief of counsel for appellant contains 33 pages, 12 pages of which consist of excerpts from the record of the testimony of witnesses. Breach of the rules of this court is so flagrant that, in place of mere admonition, so often given and so often disregarded, we restrict the appellant, in the recovery of costs, to a record of 50 and a brief of 15 pages.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.